UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

v.                                                     Civil Action No.  20-2634

**TWEN RENEE BARTON,**

        **Defendant.**

## COMPLAINT

### Introduction

Plaintiff, the United States of America, by Stephen R. McAllister, United States Attorney, brings this action on behalf of the United States Railroad Retirement Board under the common law for unjust enrichment for repayment of federal funds based upon omissions and the concealment of material facts by Twen Renee Barton to wrongfully receive United States Railroad Retirement Board annuity benefits.

### Jurisdiction and Venue

1. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1345.

2. Venue is proper in the District of Kansas pursuant to 31 U.S.C. § 3732(a) and 28 U.S.C. § 1391(b) (1) and (2).

### Parties

3. The plaintiff is the United States of America on behalf of the United States Railroad Retirement Board ("RRB").

4. The defendant, Twen Renee Barton, is an individual and resides in this district at 10825 142 Road, Mayetta, Kansas 66509.

## The Railroad Retirement Act of 1974
## 45 U.S.C. §§ 231 – 231v

5. The Railroad Retirement Act of 1974, as amended (45 U.S.C. §§ 231 – 231v) ('the Act") provides a federal annuity benefit for qualified widows of retired railroad workers. The benefit is administered by the Railroad Retirement Board ("the Board"). 45 U.S.C. § 231a(d).

6. Annuity benefits do not accrue when an annuitant dies. 45 U.S.C. § 231a(d)(9).

7. In a case where an individual entitled to an annuity disappears, no annuity shall accrue to that individual with respect to any month until and unless such individual is shown, by evidence satisfactory to the Board, to have been alive during any such month. 45 U.S.C. § 231a(d)(9).

## Factual Background

8. On or about September 29, 2004, the defendant's mother, Joan Rebar, applied for RRB widow's annuity benefits.

9. On or about December 21, 2004, the defendant's mother, Joan Rebar, was awarded a widow's annuity under the Act.

10. The RRB paid the defendant's mother, Joan Rebar, the annuity benefits by making monthly direct electronic deposits to her bank account at Dennison State Bank in this district.

11. On or about July 11, 2018, a published news article stated that the body of Joan Rebar had been discovered in a vehicle submerged in a rural pond south of Meridan, Kansas

12. On or about July 18, 2018, the RRB contacted Dennison Bank in Holton, Kansas seeking the return of RRB annuity deposits made to Joan Rebar's Dennison Bank account.

13. On or about July 23, 2018, Dennison Bank informed the RRB that the account was closed by the defendant Twen Barton, and that the defendant Twen Barton was the "pay on death" beneficiary on the account.

14. On or about February 28, 2019, RRB OIG Special Agent Timothy Robinson met with the defendant Twen Barton. Barton stated that she used some of the RRB annuity funds from Joan Rebar's Dennison Bank account for repairs to the residence where Barton and her mother lived and used some of the RRB annuity funds for Barton's personal expenses.

15. The defendant received her mother's RRB annuity benefits in the amount of $54,502.90 when the defendant was not entitled to receive them.

16. The defendant did not inform the RRB that her mother had disappeared or that her mother had passed away.

17. Had the RRB been aware that Rebar had disappeared and had passed away, it would not have continued to pay annuity benefits to Rebar's bank account from in or about September 2015 through on or about June 2018.

## COUNT 1

## UNJUST ENRICHMENT

18. Paragraphs 1 through 17 are realleged as though fully set forth herein.

19. From on or about September 2015 through on or about June 2019, the defendant Twen Barton was aware that RRB paid annuity benefits in the approximate amount of $54,502.90 to Joan Rebar after Joan Rebar had disappeared.

20. The defendant Twen Barton received money to which she was not entitled and has, therefore, been unjustly enriched with federal monies, which in good conscience she should not be allowed to retain.

21. The United States is entitled to the return of all payments made by the RRB to Joan Rebar and which the defendant Twen Barton obtained from on or about September 2015 through on or about June 2018.

## **CONCLUSION**

WHEREFORE, the plaintiff United States demands and prays that judgment be entered in its favor and against the defendant for:

a. The money the defendant wrongfully obtained from the RRB, plus interest;

b. any other further relief that this Court deems appropriate.

>Respectfully submitted,
>
>STEPHEN R. McALLISTER
>United States Attorney
>District of Kansas
>
>s/Christopher Allman
>CHRISTOPHER ALLMAN
>Assistant United States Attorney
>Ks. S. Ct. No. 14225
>500 State Avenue, Suite 360
>Kansas City, Kansas  66101
>PH:  913.551.6730     FX:  913.551.6541
>EM: chris.allman@usdoj.gov
>*Counsel for the United States of America*

## REQUEST FOR PLACE OF TRIAL

The United States of America hereby requests that trial of the above-entitled matter be held in Kansas City, Kansas.

>s/ Christopher Allman
>CHRISTOPHER ALLMAN