# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 20-2634-KHV-KGG |
| TWEN RENEE BARTON, | ) |
| Defendant. | ) |

## MEMORANDUM & ORDER
## DENYING MOTION FOR APPOINTMENT OF COUNSEL

Defendant Twen Renee Barton, who is representing herself *pro se*, has filed a Motion for Appointment of Counsel (Doc. 6). Having reviewed Defendant's submission and relating filings in this case, the Court **DENIES** Defendant's motion.

The Tenth Circuit has identified four factors to be considered when deciding whether to appoint counsel: (1) the party's ability to afford counsel, (2) the party's diligence in searching for counsel, (3) the merits of the case, and (4) the party's capacity to prepare and present the case without the aid of counsel. ***McCarthy v. Weinberg***, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications for plaintiff's counsel under the IFP statute); ***Castner v. Colorado Springs Cablevision***, 979 F.2d 1417, 1420-21 (10th Cir. 1992) (listing factors

applicable to applications for plaintiff's counsel under Title VII).

In consideration of the first factor, the Court has reviewed Defendant's financial affidavit. (Doc. 7.) She is 57 and married. (*Id*.) She is not currently employed but her husband earns a modest salary. (*Id*., at 3.) She has also received income from a pension, trust fund, annuity, or life insurance in the past year. (*Id*., at 4.) She also lists income labeled "gaming per capita." (*Id*.)

Defendant indicates she does not own real property, but does list income from property. (*Id*., at 3.) She and her husband also own 4 automobiles. Although they have modest monthly payment(s) on the vehicles, they have significant residual value. (*Id*., at 4.) She also indicates a modest amount of cash on hand. (*Id*.) Defendant also lists significant, yet reasonable monthly expenses. (*Id*., at 5-6.) She has previously filed for bankruptcy. (*Id*., at 6.)

The Court is inclined to find that Defendant's financial situation would make it difficult for her to afford counsel. That stated, the Court also finds that this factor alone is not determinative of whether counsel should be appointed.

The next factor is Defendant's diligence in searching for counsel. The form motion specifically indicates that Defendant is required to confer with (not merely contact) at least five attorneys regarding representation. (Doc. 6, at 2.) Defendant has indicated that she has only contacted 4 attorneys. (*Id*., at 2-3.)

Rather than requiring Defendant to contact at least one other attorney, the Court will review the remaining factors.

For purposes of this motion, the Court finds that the third factor – the merits of the case – weighs in favor of Defendant.   The analysis thus turns on the final ***Castner*** factor – the party's capacity to prepare and present the case without the aid of counsel.   979 F.2d at 1420-21.   The Court must look to the complexity of the legal issues and Defendant's ability to gather and present crucial facts.   *Id.*, at 1422.   In this regard, the factual and legal issues in the present case are not unusually complex.   See ***Kayhill v. Unified Govern. of Wyandotte***, 197 F.R.D. 454, 458 (D.Kan. 2000).

That stated, the Court finds that Defendant has not distinguished herself from the various other *pro se* parties representing themselves in federal courts throughout the United States at any given time.   Although Defendant is not trained as an attorney, and while an attorney might present this case more effectively, this fact alone does not warrant appointment of counsel.   As such, the Motion to Appoint Counsel (Doc. 6) is **DENIED**.

IT IS THEREFORE ORDERED that Defendant's Motion for Appointment of Counsel (Doc. 6) is **DENIED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 2nd day of March, 2020.

           S/ KENNETH G. GALE
           KENNETH G. GALE
           United States Magistrate Judge